United States District Court
Southern District of Texas
**ENTERED**
August 27, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MARY'Z MEDITERRANEAN CUISINE, INC., §
§
§
Plaintiff, §
§
v. § CIVIL ACTION NO. H-18-1790
§
BLACKBOARD INSURANCE COMPANY f/k/a §
HAMILTON INSURANCE COMPANY, TEXAS §
GENERAL INSURANCE, and MIR KHAN, §
§
Defendants. §

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mary'z Mediterranean Cuisine, Inc. ("Plaintiff" or "Mary'z") filed this action on April 11, 2018, in the 80th Judicial District Court of Harris County, Texas, against Defendant Blackboard Insurance Company f/k/a Hamilton Insurance Company ("Blackboard"), Texas General Insurance ("Texas General"), and Mir Khan ("Khan") (collectively, "Defendants") asserting claims for violations of the Texas Insurance Code, breach of contract, breach of the duty of good faith and fair dealing, violations of the Deceptive Trade Practices-Consumer Protection Act ("DTPA"), fraud, negligence, and negligent misrepresentation.[1] Blackboard timely

---

[1]See Plaintiff's Original Petition & Jury Demand ("Original Petition"), Exhibit 1 to Notice of Removal, Docket Entry No. 1-1.

removed the action.[2] Pending before the court is Plaintiff's Motion to Remand ("Motion to Remand") (Docket Entry No. 4). For the reasons explained below, the Motion to Remand will be granted.

## I. **Factual and Procedural Background**[3]

Mary'z is a commercial business located at 8255 Richmond Avenue, Houston, Texas 77057 (the "Property"). The Property includes a dining and bar area, a full kitchen, storage, an office, a walk-in cooler, and a patio in the front and back of the building. Mary'z alleges that Blackboard, a casualty insurance company, and Texas General and Mr. Khan, insurance agents, marketed and sold a commercial property insurance policy to Mary'z (the "Policy"). Mary'z alleges that Mr. Khan and Texas General, with full knowledge of Mary'z' business operations, building design, and the Property's lack of an internal fire alarm, falsely represented to Mary'z that damages caused by fire would be covered by the Policy. On September 9, 2017, a fire started at the Property, damaging the business equipment and causing loss of business income. Soon thereafter Mary'z submitted a claim under the Policy to Blackboard for the damage to the business equipment and lost business income. Mary'z alleges that Blackboard conducted an

---

[2]See Notice of Removal, Docket Entry No. 1.

[3]See Original Petition, Exhibit 1 to Notice of Removal, Docket Entry No. 1-1.

unreasonable and inadequate investigation, wrongfully denied and delayed Mary'z claim, and has not yet provided full payment.

Mary'z' Original Petition asserts claims for violations of the Texas Insurance Code, breach of contract, breach of the duty of good faith and fair dealing, violations of the DTPA, fraud, negligence, and negligent misrepresentation. On May 25, 2018, Blackboard filed an Original Answer, asserting a general denial, specific denials, and affirmative defenses,[4] and filed its Notice of Removal on May 31, 2018, alleging that the court has diversity jurisdiction because Mary'z is a citizen of Texas, Blackboard is a citizen of Delaware or New York, and defendants Khan and Texas General — both citizens of Texas — were improperly joined because Mary'z is unable to establish a cause of action against them in state court.[5] On July 2, 2018, Mary'z filed the pending Motion to Remand asserting that Khan and Texas General were properly joined and that diversity jurisdiction therefore does not exist.[6] Blackboard filed a response in opposition on July 20, 2018, maintaining its position that Texas General and Khan were improperly joined and requesting that the court deny the Motion to Remand entirely or sever the claims against Texas General and Khan

---

[4]Defendant Hamilton Insurance Company's Verified Answer to Plaintiff's Original Petition, Exhibit A to Notice of Removal, Docket Entry No. 2-2.

[5]Notice of Removal, Docket Entry No. 1, pp. 2-3 ¶¶ 5-8.

[6]Motion to Remand, Docket Entry No. 4, pp. 4-11.

and remand only those claims.⁷ Khan also filed a response urging the court not to sever Mary'z' claims against Khan and to dismiss them instead of remanding them to state court.⁸

## II. **Subject Matter Jurisdiction**

### A. **Removal Jurisdiction**

Under 28 U.S.C. § 1441(a) any state court civil action over which a federal court would have original jurisdiction may be removed to federal court. See Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007). Federal courts have original jurisdiction over civil actions where the parties are diverse and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, that is, "a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants." Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992).

Removal jurisdiction depends on the plaintiffs' state court pleadings at the time of removal. Pullman Co. v. Jenkins, 59 S. Ct. 347, 349 (1939); Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995). The removing party bears

---

⁷Blackboard Insurance Company f/k/a Hamilton Insurance Company Response to Plaintiff's Motion to Remand ("Blackboard's Response"), Docket Entry No. 7, pp. 2, 5 ¶¶ 4, 8.

⁸Defendant Mir Khan's Response to Plaintiff's Motion to Remand, Docket Entry No. 9, pp. 2-3.

the burden of showing that subject matter jurisdiction exists and that the removal procedure was properly followed. Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Ambiguities or doubts are to be construed against removal and in favor of remand. Id.

**B.  Improper Joinder**

The doctrine of improper joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. Borden v. Allstate, 589 F.3d 168, 171 (5th Cir. 2009). The court may ignore an improperly joined non-diverse defendant in determining subject matter jurisdiction. Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 572 (5th Cir. 2004) (en banc), cert. denied, 125 S. Ct. 1825 (2005).

A removing party attempting to prove improper joinder carries a heavy burden. Great Plains Trust Co. v. Morgan Stanley Dean Witter, 313 F.3d 305, 312 (5th Cir. 2002). To establish that a non-diverse defendant has been improperly joined in order to defeat diversity jurisdiction the removing party must prove either "'(1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" Alviar v. Lillard, 854 F.3d 286, 289 (5th Cir. 2017) (quoting Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 401 (5th Cir. 2013)). Only the second method

is at issue in this case.

Under this second type of improper joinder the court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state [or non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state [or non-diverse] defendant." Smallwood, 385 F.3d at 573. A reasonable basis requires more than merely a theoretical basis. Ross v. Citifinancial, Inc., 344 F.3d 458, 461-62 (5th Cir. 2003). "Accordingly, to determine whether an in-state or non-diverse defendant was properly joined, '[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the ... defendant.'" Alviar, 854 F.3d at 289 (quoting Smallwood, 385 F.3d at 573).

Whether the plaintiff has alleged a valid cause of action "depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." Griggs v. State Farm Lloyds, 181 F.3d 694, 701 (5th Cir. 1999). Thus, a defendant can avoid remand by showing that a state court petition fails to allege "specific actionable conduct" sufficient to support a cause of action against a non-diverse defendant. Id. at 699. Mere formulaic recitations of violations of statutes that are not accompanied by specific allegations concerning the actions

of the individual defendant are not sufficient to create a reasonable basis to predict that the plaintiff will be able to recover against the individual. Moore v. State Farm Mutual Auto. Ins. Co., 2012 WL 3929930, at *4 (S.D. Tex. Sept. 6, 2012).

In deciding whether a party was improperly joined all unchallenged factual allegations, including those alleged in the petition, are taken into account in the light most favorable to the plaintiff, Smallwood, 385 F.3d at 575, and all contested factual issues and ambiguities of state law are resolved in favor of the plaintiff. Gasch, 491 F.3d at 281. The existence of a single valid cause of action against a non-diverse defendant requires remand of the entire case to state court. Gray v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400, 412 (5th Cir. 2004); see also Whalen, 954 F.2d at 1094.

### III. **Analysis**

In its Motion to Remand Mary'z argues that subject matter jurisdiction does not exist because complete diversity is lacking. Blackboard contends that Texas General and Khan were improperly joined in order to defeat diversity.[9] Because the burden is on the removing party to establish that a state court suit is properly removable, see Gasch, 491 F.3d at 281, to avoid remand Blackboard must show that there is no reasonable basis for the court to predict that Mary'z may recover on even a single claim against

---

[9]Notice of Removal, Docket Entry No. 1, p. 3 ¶ 8.

Texas General and Khan. See Gray, 390 F.3d at 412.

A.  **Mary'z' Allegations Against Texas General and Khan**

Mary'z Original Petition alleges some claims only against Blackboard and some claims only against Texas General and Khan. The petition refers to Blackboard, Texas General, and Khan collectively as "Defendants." The factual allegations concerning Texas General and Khan include:

> 4.2  On or before September 9, 2017, Mr. Khan, Texas General, and Blackboard marketed and sold a Commercial Property Policy . . . .
>
> 4.3  . . . With full knowledge of Plaintiff's business, including the building protection design, and the way in which the Property was utilized, Mr. Khan, Texas General, and Blackboard marketed and sold the Policy to Mary'z. . . . .
>
> . . . .
>
> 4.8  Mr. Khan and Texas General, the agent and agency that sold the Policy to Mary'z, claimed and falsely represented to Mary'z that damages caused by fire, among other things, would be, and indeed *are* covered by the Policy based on the known facts about the business, including the lack of an internal fire alarm system. Plaintiff trusted and relied upon the experience of Mr. Khan and Texas General to procure the appropriate coverage for its specialized business needs, and Mr. Khan and Texas General acted as the agent of Blackboard in connection with the procurement of coverage. Mr. Khan and Texas General led Mary'z to believe that the insurance policy secured would cover their business personal property and business income in the event of standards perils, including a fire loss.[10]

---

[10]Original Petition, Exhibit 1 to Notice of Removal, Docket Entry No. 1-1, pp. 3-5 ¶¶ 4.2, 4.3, 4.8.

-8-

Based on these factual allegations Mary'z asserts claims against Texas General and Khan for violations of the Texas Insurance Code §§ 541.061 and 541.002, negligence, and negligent misrepresentation,[11] and asserts claims against all defendants for violations of the DTPA and common law fraud.[12]

**B.   Sufficiency of the Allegations Against Texas General and Khan**

Blackboard argues that (1) Mary'z cannot recover against Texas General and Khan because they were merely insurance agents who had no involvement in the adjustment of the claim or decision to pay;[13] (2) Mary'z has only pled a cause of action for negligence against Texas General and Khan but has failed to plead that they owed any legal duty owed to it;[14] and that (3) Plaintiff cannot recover in this action because Mary'z' claims against Texas General and Khan are contradictory to its claims against Blackboard.[15] Mary'z argues that under Texas law, Texas General and Khan, as insurance agents, are subject to liability for negligence, negligent misrepresentation, and for violations of the Texas Insurance Code and the DTPA and that Mary'z has pled sufficient facts in its

---

[11]Id. at 6-7, 10 ¶¶ 5.7, 5.8, 5.9, 5.10, 13.2, 14.2.

[12]Id. at 9-10 ¶¶ 11.2, 12.2.

[13]Notice of Removal, Docket Entry No. 1, p. 4.

[14]Id. at 5.

[15]Blackboard's Response, Docket Entry No. 7, p. 4.

Original Petition.[16]  Blackboard and Khan do not respond to the authorities Mary'z has cited.

To prevail on a negligence claim Mary'z must establish that a duty was owed, a breach of that duty, and damages proximately resulting from the breach. Insurance Network of Texas v. Klowesel, 266 S.W.3d 456, 467 (Tex. App.--Corpus Christi-Edinburg, 2008). In Texas, "an insurance agent who undertakes to procure insurance for another owes a duty to a client to use reasonable diligence in attempting to place the requested insurance and to inform the client promptly if unable to do so." May v. United Services Association of America, 844 S.W.2d 666, 669 (Tex. 1992). Texas courts have also held agents liable for negligence when the agent wrongly led clients to believe their policy provided protection against a particular risk that was in fact excluded from the policy's coverage. Rainey-Mapes v. Queen Charters, Inc. 729 S.W.2d 907, 913-14 (Tex. App.--San Antonio 1987, writ dism'd by agr.) (implicitly affirmed by May, 844 S.W.2d at 670).

The Texas Insurance Code prohibits any "person" from engaging in deceptive practices in the business of insurance, such as misrepresenting the terms of a policy or the benefits or advantages promised by the policy. Tex. Ins. Code §§ 541.003, 541.051. Agents are "persons" engaged in the business of insurance for purposes of the Insurance Code. Id. § 541.002(2).

---

[16]Motion to Remand, Docket Entry No. 4, pp. 5-11.

Mary'z' Original Petition alleges that Texas General and Khan were agents of Blackboard, knew how the Property would be used when they marketed the Policy to Mary'z, knew that the Property lacked an internal fire alarm system, misrepresented that the Policy would cover damages caused by fire when it did not, failed to disclose that the Policy did not cover fire damage, and that Mary'z relied on Texas General and Khan to procure the appropriate coverage and has been damaged by delays in payment under the Policy. Mary'z also alleges that Texas General and Khan knowingly misrepresented the Policy by making untrue statements of material fact[17] and that

> Mr. Khan and Texas General owed a duty to Mary'z to obtain appropriate insurance coverage for Plaintiff's property, or if they could not obtain the requested coverage, to notify Mary'z of same. Mr. Khan and Texas General failed to properly obtain appropriate insurance coverage for Mary'z and failed to notify Mary'z of their misrepresentations and other failures.[18]

Mary'z allegations, if proven true, would create a reasonable possibility that Mary'z could prevail on its negligence and Insurance Code claims against Texas General and Khan. The court thus concludes that there is a "factual fit" between the allegations and the causes of action for negligence and violation of the Texas Insurance Code. In other words, Mary'z' Original Petition contains more than mere formulaic recitations of negligence and violations of the Insurance Code. This case is

---

[17]Original Petition, Exhibit 1 to Notice of Removal, Docket Entry No. 1-1, pp. 6-7 ¶¶ 5.7, 5.8, 5.9, 5.10.

[18]Id. at 10 ¶ 13.2.

therefore distinguishable from those in which remand was denied because the only allegations concerning the non-diverse defendant recited essentially verbatim statutory violations. See Moore, 2012 WL 3929930, at *4 (denying remand where petition did not include factual allegations against adjuster defendant other than those reciting violations of the statute); Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co., 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding that allegations that listed Insurance Code provisions and asserted that "Both Defendants" violated such provisions were "legal conclusions couched as factual allegations," and stating that the plaintiff "alleged no facts to show that [the adjuster] performed any act that could be construed as a violation of any of the aforementioned section [of the Insurance Code]").

## IV. Conclusion and Order of Remand

Blackboard has not met its heavy burden to show that there is no reasonable basis to predict that Mary'z might be able to recover against Texas General and Khan in state court. The court therefore concludes that Texas General and Khan are properly joined as a defendants in this action.[19] Because complete diversity is lacking, this case will be remanded for lack of subject matter jurisdiction.

Accordingly, Plaintiff's Motion to Remand (Docket Entry No. 4) is **GRANTED**. The action is **REMANDED** to the 80th Judicial District

---

[19]Because the court concludes that there is a reasonable possibility of recovery on the negligence and Insurance Code claims, the court does not address whether such a possibility exists to recover against Texas General and Khan violations of the DTPA, negligent misrepresentation, and common law fraud.

Court of Harris County, Texas.  The Clerk of Court is directed to promptly send a copy of this Memorandum Opinion and Order of remand to the District Clerk of Harris County, Texas.

**SIGNED** at Houston, Texas, on this 27th day of August, 2018.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE